[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Dr. Cameron Brown, applies pursuant to General Statutes § 49-35a to discharge the mechanics lien the defendant and lienor, Matthew Plourde, placed on his property located at 18 Old North Road, Washington, Connecticut. A hearing was held on April 17, 2000. At the hearing, Plourde was first required to establish that there is probable cause to sustain the validity of the lien. General Statutes § 49-35b (1). Thereafter, the plaintiff Brown had the burden of proving by clear and convincing evidence that the validity of the lien should not be sustained or that the amount of the lien is excessive and should be reduced. Id.
The court finds the following facts from the evidence it considered at the hearing. Sometime in December 1999, the parties reached an agreement that Plourde would construct the foundation for a three car garage with an upper level living area for Brown. The uncontested testimony was that the agreed upon price was $11,600. On or about December 23, 1999, after having completed the footings, Plourde poured the foundation walls. On December 31, 1999, the building inspector for the town of Washington visited the site and inspected the concrete work. Because of some concerns based upon his observation, the building inspector ordered Brown to obtain a report from a structural engineer. Based upon that report dated January 4, 2000, the building inspector ordered the foundation demolished and removed. Plourde was never paid by Brown for his work. Plourde holds no home improvement contractor registration nor did he at the time of the work.
Based upon those facts, the court finds that Plourde has filed to sustain his burden as to probable cause to sustain the validity of the lien. While he argues that he is not subject to the registration requirements of the home improvement statutory scheme, the court finds otherwise. Under General Statutes § 20-419 (3):
 "Contractor" means any person who owns and operates a home improvement business or who undertakes, offers to CT Page 4941 undertake or agrees to perform any home improvement. "Contractor" does not include a person for whom the total cash price of all of his home improvement contracts with all of his customers does not exceed one thousand dollars during any period of twelve consecutive months.
The statute goes on to define home improvement as follows:
 (4) "Home improvement" includes, but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and waterproofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. "Home improvement" does not include: (A) The construction of a new home; . . .
(Emphasis added.) General Statutes § 20-419 (4).
Plourde argues that because there is living space above the garage that this work falls into the exception of the "construction of a new home." The court disagrees. The proposed building was a three car garage, an "accessory building," as described in the engineer's report. Both Matthew Plourde and his father Dean Plourde testified that the property included Brown's main house.
Because Plourde did not register as a home improvement contractor, the agreement between the parties is unenforceable. Meadows v.Hingins, 249 Conn. 155, 164 (1999).[1] The lien is accordingly invalid. The court does not reach the issue of the workmanship.[2]
For the foregoing reasons, the application is granted.
DiPentima, J. CT Page 4942